**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRADY BERTETTO, ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | |
| CONSOL ENERGY, INC., ) | |
| CONSOL PENNSYLVANIA COAL ) | |
| COMPANY, LLC, and CRAIG ) | |
| DICKERSON, ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

AND NOW comes Plaintiff, Brady Bertetto, by and through his counsel, Richard T. Ernsberger, Kevin M. Miller and the law firm of Behrend & Ernsberger and files the following Complaint and alleges in support as follows:

## JURISDICTION

1.      This action involves application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. and The Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. §1331.

2.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

4.      The claims asserted in this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

5.      Plaintiff has satisfied all the procedural and administrative requirements of 42 U.S.C. §12101 *et seq* and in particular:

   a.      Plaintiff field a timely charge with the Equal Employment Opportunity Commission (EEOC);

   b.      Plaintiff received a Notice of Right to Sue from the EEOC dated March 29, 2016;

   c       This action was filed with this Court within ninety (90) days of receipt of that Notice.

## PARTIES

6.      Plaintiff Brady Bertetto is, and at all times material hereto was, a citizen of the Commonwealth of Pennsylvania, residing in Armstrong County, Pennsylvania.

7.      Plaintiff Brady Bertetto is informed and believes, and upon that basis alleges, the defendant, Consol Pennsylvania Coal Company, LLC, is and was at all times material hereto, a Delaware corporation doing business in this district, having its principal place of business in Pennsylvania.

8.      Plaintiff Brady Bertetto is informed and believes, and upon that basis alleges, the defendant, Consol Energy, Inc., is and was at all times material hereto, the parent company of

-2-

Defendant Consol Pennsylvania Coal Company, LLC.

9.     Plaintiff Brady Bertetto is informed and believes, and upon that basis alleges, that· Defendant Consol Energy, Inc. is a Delaware corporation doing business in this district, having its principal place of business in Pennsylvania.

10.     At all times material hereto Defendant Dickerson was Consol Pennsylvania Coal Company, LLC's Assistant Superintendent at Consol's Bailey Mine and was Plaintiff Bertetto's manager and direct supervisor.

11.     Defendant Dickerson exercised control over Plaintiff's request to take protected leave, including leave under the FMLA.

12.     At all times relevant herein, Defendant Dickerson exercised control over Plaintiff Bertetto's termination.

13.     It is believed and therefore alleged that Defendant Dickerson is a citizen of the Commonwealth of Pennsylvania residing within this Court's jurisdiction.

14.     At all time relevant herein, Defendant Consol Pennsylvania Coal Company, LLC acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment and for the benefit of Consol Pennsylvania Coal Company, LLC.

## GENERAL ALLEGATIONS

15.     At all times material hereto, Plaintiff Bertetto was an employed as an electrician at Consol Pennsylvania Coal Company, LLC's Bailey mine, located in Greene County, Pennsylvania.

16.     On or about March 10, 2015, Plaintiff Bertetto was injured, as the result motor

-3-

vehicle collision.

17.     As a result of the collision, Plaintiff Bertetto suffered injuries including, but not limited to a concussion and injury to his back.

18.     Plaintiff Bertetto's injuries caused significant dizziness and headaches, as well as sensitivity to light and noise, and trouble with concentration and memory.

19.     Plaintiff notified Consol's Human Resources Department that he had been severely injured in a motor vehicle collision and that he was physically unable to perform the duties of his job at that time.

20.     Plaintiff Bertetto further informed Consol's Human Resources Department that although he would be temporarily unable to perform the duties of his job, he had been cleared to do light duty jobs, thus in need of a reasonable accommodation.

21.     Plaintiff Bertetto was instructed by Consol Human Resources Coordinator, Ashley Connor, that Consol would begin the process of placing Mr. Bertetto on short term disability status.

22.     Plaintiff Bertetto was further instructed that there was not a light duty position available at that time and that he should remain absent from his job until such time as he could return to his normal job responsibilities. Thus failing to accommodate Plaintiff's request for a reasonable accommodation.

23.     Plaintiff Bertetto, who had three weeks of vacation time available to him, asked Consol Human Resources Coordinator, Ashley Connor whether he should take his vacation time in lieu of an unpaid leave of absence.

24.     Plaintiff Bertetto was informed that, rather than take vacation time to cover his leave of absence, he should apply for coverage under Consol's short term disability policy and that he

-4-

would be placed on FMLA leave for his absence once the short term disability insurance benefits were approved.

25.     Plaintiff Bertetto, at the direction of Consol Human Resources Coordinator, Ashley Connor, submitted a claim to Consol's short term disability insurer, Liberty Mutual Insurance,

26.     On or about March 12, 2015, Plaintiff Bertetto received correspondence from Liberty Mutual Insurance, the disability insurer for Defendant Consol.

27.     The March 12, 2015, Correspondence indicated that a claim for Sickness and Accident Benefits had been opened (Claim #3433318) and requested Plaintiff Bertetto sign the enclosed "Release of Information and Agreement to Reimburse Form." See Exhibit 1.

28.     On March 19, 2015, Plaintiff Bertetto completed and signed "Release of Information and Agreement to Reimburse Form." See Exhibit 2.

29.     On or about March 19, 2015, Plaintiff Bertetto received correspondence dated March 18, 2015 from Ms. Connor, acting on behalf of Defendant Consol, which indicated that Defendant Consol was aware that Plaintiff Bertetto was " . . .off from work and receiving some form of paid benefits or wage replacement under the Company's Short Term Disability Policy, Sickness & Accident Policy or Workers' Compensation Policy."   See Exhibit 3.

30.     The March 18, 2015 Correspondence, referenced in Paragraph 29 above,  further informed Plaintiff Bertetto that "Once you have been approved for S&A, STD or Workers' Compensation, your absence from work, which began 03/10, 2015, will also qualify you for Employee Medical Leave under the Family and medical Leave Act (FMLA) and the Company's FMLA Leave Policy." See Exhibit 3.

31.     The March 18, 2015, Correspondence concluded as follows:

-5-

"***This notice requires no action on your part. It is merely a notice that you have been automatically placed on FMLA leave.*** If you have any questions, please contact me at the above number." See Exhibit 3 (emphasis in original).

32. As a result of the March 18, 2015 Correspondence, Plaintiff Bertetto reasonably believed he was placed on FMLA leave.

33. Attached to the March 18, 2015, Correspondence was a handwritten note which stated "This will not effect your vacation. No worries! Please call if you need anything. Ashley". See Exhibit 3.

34. The March 18, 2015, Correspondence made no mention of the need for Plaintiff Bertetto to follow Consol's "call off" procedure during his continuous absence from work which Defendant was aware began on March 10, 2015. See Exhibit 3.

35. The March 18, 2015 Correspondence made no mention of any requirement by Plaintiff Bertetto's to follow Consol's call off procedure between the date his absence from work began and March 18, 2015. See Exhibit 3.

36. Defendant's Family and Medical Leave Policy, which was attached to the March 18, 2015, Correspondence, discusses Call-Off Procedures for "intermittent [FMLA] leave." See Exhibit 3.

37. Defendants Family and Medical Leave Policy, which was attached to the March 18, 2015, Correspondence, is silent as to Call-Off Procedures for "Continuous [FMLA] leave." See Exhibit 3.

38. As the March 18, 2015, Correspondence demonstrates, Defendant was aware that Plaintiff Bertetto's absence of from work would be continuous in nature.

39.     On or about March 20, 2015, Plaintiff received correspondence dated March 19, 2015 from Ms. Connor. See Exhibit 4.

40.     The March 19, 2015, Correspondence indicated that Defendant was taking the position that Plaintiff had violated Defendant Consol's "call off" procedure by failing to call off of shifts on March 12, 15, 16 and 18 one hour prior to the beginning of each shift.  See Exhibit 4.

41.     The March 19, 2015 Correspondence also indicated that "We will discuss the appropriate disciplinary action upon [Bertetto's] return to work." See Exhibit 4.

42.     The ATTENDANCE section of the Employee Handbook does not address the need to "call off" when on continuous medical/FMLA leave. See Exhibit 5.

43.     The FAMILY AND MEDICAL LEAVE section of the Employee Handbook attached to the March 19, 2015 Correspondence instructs employees to reference Defendant's FMLA policy for information regarding FMLA entitlements and obligations. See Exhibit 5.

44.     Plaintiff Bertetto contacted Ms. Connors on March 23, 2015, to discuss the information contained in the March 19, 2015 Correspondence.

45.     Plaintiff Bertetto questioned Ms. Connors regarding the need to "call off" while on continuous FMLA leave.

46.     Ms. Connor refused to provide Plaintiff Bertetto with any explanation at that time, but informed Mr. Bertetto that they could discuss it after he returned to work.

47.     Plaintiff Bertetto informed both Ms. Connor and his Supervisor, Craig Dickerson, that he was having difficulty meeting the call off requirements as a result of his injuries, but that he would attempt to call off.

48.     On March 24, 2015, Plaintiff Bertetto faxed the "Release of Information and

-7-

Agreement to Reimburse Form" to Liberty Mutual Insurance as instructed by the March 12, 2015 Correspondence.  See Exhibit 6.

49.     On or about March 26, 2015, Mr. Bertetto, who was becoming concerned that his short term disability had not yet been approved and who was in need of a paycheck, contacted the mine clerk at the Bailey Mine and requested that he be granted the use of vacation time, starting that day and continuing for one week, in the hope that this would allow him to be compensated while he awaited the finalization of his short term disability benefits.

50.     Plaintiff Bertetto was informed that the mine clerk would process the requested vacation time.

51.     Since he believed he was now using his vacation time, Plaintiff Bertetto did not attempt to call Consol's "call off line" to notify Consol that he would not be reporting to work on March 26, 2015.

52.     On March 26, 2015, Plaintiff Bertetto was contacted by telephone by his supervisor, Craig Dickerson. Mr. Dickerson, acting on behalf of Defendant Consol, informed Plaintiff Bertetto that he was being terminated for his failure to follow the "call off" procedure as set forth in the Employee Handbook.

53.     Plaintiff Bertetto received sickness and accident benefits from Defendant Consol's insurer covering the period of March 11, 2015 through March 26, 2015.

54.     Plaintiff Bertetto was subsequently informed by Defendant Consol's Insurer on or about April 2, 2015, that his disability benefits ceased on the date of his termination. See Exhibit 7.

55.     Plaintiff Bertetto believes and therefore avers that he was terminated because of his disabilities, perceived disabilities, and/or in retaliation for requesting reasonable accommodations.

-8-

56.     Plaintiff also believes that Defendants failed to accommodate his disability, as the decision to terminate him was made while he was on a brief leave of absence caring for his health conditions; thus, Defendants failed to hold Plaintiff's position open for him while he was on a leave of absence tending to his medical conditions (a reasonable accommodation).

57.     Plaintiff additionally believes that Defendants interfered with his right to take FMLA leave, and retaliated against him for taking FMLA leave.

## COUNT I

## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT ("FMLA")

## (INTERFERENCE & RETALIATION - WRONGFUL TERMINATION)

### Against Defendants Consol Energy, Inc., Consol Pennsylvania Coal Company and Craig Dickerson

58.     Bertetto realleges and incorporates those allegations set forth above as though fully restated herein.

59.     Bertetto is informed and believes that Defendant Consol Pennsylvania Coal Company, LLC. qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

60.     Plaintiff Bertetto was an eligible employee under the FMLA under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

61.     Plaintiff Bertetto requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(I).

62.     Plaintiff Bertetto had at least 1,250 hours of service with the Defendant during the 12 month period prior to the first day of his last leave of absence with Consol.

63.     Defendant Consol Pennsylvania Coal Company, LLC is engaged in an industry affecting commerce.

64.     Defendant Consol Pennsylvania Coal Company, LLC employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(I).

65.     Therefore, Plaintiff is a covered employer under the FMLA

66.     Plaintiff Bertetto is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Bertetto was denied entitlement to leave as prescribed in FMLA.

67.     As a covered employer under the FMLA, Defendants are obligated to act in a manner consistent with the requirements of the FMLA.

68.     Defendants were aware of their obligations and duties under the FMLA

69.     Despite Defendants' obligations under the FMLA, Defendants interfered with Plaintiff Bertetto's ability to take FMLA leave by terminating Plaintiff's employment as described in the preceding paragraphs for any remaining FMLA leave Plaintiff Bertetto had at the time of his need for leave and to prevent him form taking FMLA leave for which he would soon become eligible under Defendants' "rolling" 12 month period .

70.     Despite Defendants obligations under the FMLA, Defendants retaliated against Plaintiff for taking FMLA leave.

71.     Defendants' conduct was malicious, intentional and in reckless disregard of Plaintiff's protected rights.

72.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss

of pay, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

## COUNT II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

## ("ADA")

### (WRONGFUL TERMINATION - DISABILITY DISCRIMINATION)

### Against Defendants Consol Energy, Inc. and Consol Pennsylvania Coal Company

73.     Bertetto realleges and incorporates those allegations set forth above as though fully restated herein..

74.     At all times material to this Civil Action, Plaintiff Bertetto was an individual with a disability under the American's with Disabilities Act, 42 U.S.C. 12101, *et seq.* and the "ADA Amendments Act of 2008".

75.     Plaintiff's employment with Defendant Consol was positive and there were no discussions of termination or "personnel"or "performance" issues prior to disclosing his health conditions and need for accommodations.

76.     Defendant Consol employed fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

77.     During his employment, as a result of the injuries suffered in the motor vehicle crash, Plaintiff Bertetto requested a reasonable accommodation. Specifically, Plaintiff Bertetto requested that he be granted light duty work per his Doctor's instructions after his accident.

78.     Defendants failed to engage in the interactive process to reasonably accommodate Plaintiff Bertetto's request for light duty work, and instead required Plaintiff Bertetto to take a leave of absence.

-11-

79.     Alternatively, Plaintiff was in need of a reasonable accommodation in the form of temporary continuous leave when Defendant failed to provide him with a light duty position as a reasonable accommodation based upon his disability.

80.     During his employment, as a result of the injuries suffered in the motor vehicle crash, Plaintiff Bertetto another reasonable accommodation on or about March 23, 2015. Specifically, following his receipt of the March 19, 2015, Correspondence, which indicated that Plaintiff would be disciplined for his failure to timely call off between March 12th and March 18th 2015, Plaintiff Bertetto requested  relief from any such requirement due to the nature of his need for continuous leave and because his concussion made it difficult for him to meet this requirement, after the accident.

81.     Plaintiff Bertetto's request for an accommodation regarding the call off procedure was reasonable since (1) Defendants were aware that Plaintiff Bertetto's need for leave was continuos in nature and (2) Defendants were aware that Plaintiff Bertetto had applied for benefits under Defendant Console's short term disability insurance and FMLA policies.

82.     At all times material hereto, Defendants were aware of Plaintiff's disability, his need for medical leave and the need for a reasonable accommodation.

83.     At all times material hereto, Defendants were aware that Plaintiff Bertetto medical leave would be continuous in nature, that Plaintiff Bertetto had applied for Short Term Disability Benefits which benefit is continuous in nature, and that Plaintiff Bertetto had been informed that his continuous FMLA leave would be granted upon his approval for short term disability benefits by Defendant's insurer.

84.     Defendants initially permitted Plaintiff Bertetto to take unpaid leave as a result of his

-12-

disability, but then elected to terminate Plaintiff Bertetto's employment, rather than continue to provide the necessary accommodation.

85.     Defendants refused to discuss Plaintiff Bertetto's request for a reasonable accommodation to Consol's leave or "call off" procedures.

86.     Defendant failed to engage in an interactive process to discuss the possibility of accommodating Plaintiff Bertetto's disability in another manner.

87.     Under the ADA, prohibited discrimination includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."

88.     Plaintiff Bertetto's disability was a substantial motivating factor in Defendant's decision to discharge Plaintiff Bertetto.

89.     Plaintiff Bertetto's need for accommodation was a substantial motivating factor in Defendants' decision to discharge Plaintiff Bertetto.

90.     Defendants can offer no legitimate nondiscriminatory business reason for Plaintiff Bertetto's termination from employment.

91.     Plaintiff Bertetto can show that Defendants reasons for his termination are pretextual, including but not limited to Defendants' clear representation that it was placing Bertetto on FMLA leave upon his approval for short term disability benefits after failing to engage in the ADA interactive process, followed shortly by his termination for "failing to call in on March 26, 2015"

92.     These actions as aforesaid constitute violations of the ADA.

93.     Defendants' conduct was malicious, intentional and in reckless disregard of Plaintiff's protected rights.

-13-

94.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered loss of pay, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.

## COUNT III

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

## ("ADA")

## (WRONGFUL TERMINATION - RETALIATION)

## Against Defendants Consol Energy, Inc. and Consol Pennsylvania Coal Company

95.     The foregoing paragraphs are incorporated herein by reference as though set forth in full.

96.     Plaintiff Bertetto was terminated shortly after requesting light duty work or time off from work, as a reasonable accommodation to recover from his aforementioned medical injuries.

97.     Defendants terminated Plaintiff for needing and/or requesting various accommodations (including but not limited to light duty work and time off from work).

98.     Plaintiff Bertetto was therefore terminated from Defendants in retaliation for requesting reasonable accommodations.

99.     These actions as aforesaid constitute violations of the ADA.

## COUNT IV

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

## ("ADA")

## (FAILURE TO ACCOMMODATE)

## Against Defendants Consol Energy, Inc. and Consol Pennsylvania Coal Company

100.    The foregoing paragraphs are incorporated herein by reference as though set forth in

-14-

full.

101.    Defendants (despite knowing of his health conditions and need for accommodations) failed to accommodate Plaintiff Bertetto's disabilities on several occasions, including but not limited to, when they failed to engage in the interactive process under the ADA, failed to provide light duty work and/or leave as a reasonable accommodation, refused to hold his position open during a brief leave of absence that he took to care for and treat for health conditions.

102.    At all times Defendant failed to engage in the interactive process using an individualized assessment, as required under the ADA, and never consulted with or discussed with Plaintiff Bertetto, regarding his need for the above referenced reasonable accommodations.

103.    These actions as aforesaid constitute violations of the ADA.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, educational allowances, training, promotions, pension(s);

B.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate, including for emotional distress;

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

-15-

E.   Plaintiff shall be permitted to have a trial by jury as requested in the caption of this

Complaint.

Respectfully submitted,

BEHREND AND ERNSBERGER, P.C.

By:   /s/ Richard T. Ernsberger
Richard T. Ernsberger
PA I.D. # 207064
Kevin M. Miller
PA I.D. #86481

Behrend and Ernsberger, P.C.
The Park Building, Suite 1200
355 Fifth Avenue
Pittsburgh, PA 15222
(412) 391-2515  (phone)
(412) 391-2762 .  (Fax)

-16-